**Sealed**

Public and unofficial staff access
to this instrument are
prohibited by court order.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

AUG 0 8 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| ████████████ | § | |
| (Counts 1 and 2), | § | |
| **MANUEL CAVAZOS a.k.a. "Tony"** | § | **CRIMINAL NO.** H-05-324 |
| (Counts 1, 2, 3, 4, 5, and 6), | § | |
| **JOSE BUCIO, JR. a.k.a. "Pepe"** | § | |
| (Counts 1 and 7), | § | |
| **RENE GARCES a.k.a. "Naca"** | § | |
| (Counts 1, 2, 3, 4, 5, 6, and 7), | § | |
| **SILVIANO GUZMAN a.k.a. "Moreno"** | § | |
| (Counts 1, 2, and 3), | § | |
| **BILLY STOKES** (Counts 1 and 4), | § | |
| and | § | |
| **ROBERTO MONTANO-GARCIA** | § | |
| (Counts 1, 5, and 6) | § | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
### [21 U.S.C. 846 - Conspiracy to Possess With Intent
### to Distribute a Controlled Substance]

From on or about October, 2004, and continuing thereafter up to and including the date of

this indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of this

Court, Defendants,

████████████████,
**MANUEL CAVAZOS a.k.a. "Tony,"**
**JOSE BUCIO, JR. a.k.a. "Pepe,"**
**RENE GARCES a.k.a. "Naca,"**
**SILVIANO GUZMAN a.k.a. "Moreno,"**
**BILLY STOKES,**
and
**ROBERTO MONTANO-GARCIA,**

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each

other and others known and unknown to the Grand Jury, to commit an offense defined in Title 21,

United States Code, § 841, namely, to possess with intent to distribute a controlled substance. The

overall scope of the conspiracy involved five (5) kilograms or more of a mixture or substance

containing a detectable amount of cocaine, a Schedule II controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A), and 846.]

## COUNT TWO
### [21 U.S.C. 841- Possession With Intent to Distribute;
### 18 U.S.C. 2 - Aiding and Abetting]

On or about January 30, 2005, in the Southern District of Texas and elsewhere, and within

the jurisdiction of this Court, Defendants,

**MANUEL CAVAZOS a.k.a. "Tony,"**
**RENE GARCES a.k.a. "Naca,"**
and
**SILVIANO GUZMAN a.k.a. "Moreno,"**

each aiding and abetting the other and others known and unknown to the Grand Jury, did knowingly,

intentionally, and unlawfully possess with intent to distribute a controlled substance. This violation

involved five-hundred (500) grams or more of a mixture or substance containing a detectable amount

of cocaine, a Schedule II controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B), and Title 18, United
States Code, § 2.]

## COUNT THREE
### [21 U.S.C. 841- Possession With Intent to Distribute;
### 18 U.S.C. 2 - Aiding and Abetting]

On or about February 3, 2005, in the Southern District of Texas and elsewhere, and within

the jurisdiction of this Court, Defendants,

**MANUEL CAVAZOS a.k.a. "Tony,"**
**RENE GARCES a.k.a. "Naca,"**
and
**SILVIANO GUZMAN a.k.a. "Moreno,"**

each aiding and abetting the other and others known and unknown to the Grand Jury, did knowingly,

intentionally, and unlawfully possess with intent to distribute a controlled substance. This violation

involved five (5) kilograms or more of a mixture or substance containing a detectable amount of

cocaine, a Schedule II controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A), and Title 18, United
States Code, § 2.]

## COUNT FOUR
### [21 U.S.C. 841- Possession With Intent to Distribute;
### 18 U.S.C. 2 - Aiding and Abetting]

On or about February 19, 2005, in the Southern District of Texas and elsewhere, and within

the jurisdiction of this Court, Defendants,

**MANUEL CAVAZOS a.k.a. "Tony,"**
**RENE GARCES a.k.a. "Naca,"**
and
**BILLY STOKES,**

each aiding and abetting the other and others known and unknown to the Grand Jury, did knowingly,

intentionally, and unlawfully possess with intent to distribute a controlled substance. This violation

involved five (5) kilograms or more of a mixture or substance containing a detectable amount of

cocaine, a Schedule II controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A), and Title 18, United
States Code, § 2.]

3

## COUNT FIVE
### [21 U.S.C. 841 - Possession With Intent to Distribute;
### 18 U.S.C. 2 - Aiding and Abetting]

On or about March 22, 2005, in the Southern District of Texas and elsewhere, and within the

jurisdiction of this Court, Defendants,

**MANUEL CAVAZOS a.k.a. "Tony,"**
**RENE GARCES a.k.a. "Naca,"**
and
**ROBERTO MONTANO-GARCIA,**

each aiding and abetting the other and others known and unknown to the Grand Jury, did knowingly,

intentionally, and unlawfully possess with intent to distribute a controlled substance. This violation

involved five-hundred (500) grams or more of a mixture or substance containing a detectable amount

of cocaine, a Schedule II controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, § 2.]

## COUNT SIX
### [21 U.S.C. 841- Possession With Intent to Distribute;
### 18 U.S.C. 2 - Aiding and Abetting]

On or about April 28, 2005, in the Southern District of Texas and elsewhere, and within the

jurisdiction of this Court, Defendants,

**MANUEL CAVAZOS a.k.a. "Tony,"**
**RENE GARCES a.k.a. "Naca,"**
and
**ROBERTO MONTANO-GARCIA,**

each aiding and abetting the other and others known and unknown to the Grand Jury, did knowingly,

intentionally, and unlawfully possess with intent to distribute a controlled substance. This violation

involved five-hundred (500) grams or more of a mixture or substance containing a detectable amount

4

of cocaine, a Schedule II controlled substance.

[All in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, § 2.]

**COUNT SEVEN**
**[18 U.S.C. 1956(h) - Conspiracy to Commit Money Laundering]**

**A.  The Conspiracy**

1.      From on or about January, 2005, and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, Defendants,

**JOSE BUCIO, JR. a.k.a. "Pepe,"**
and
**RENE GARCES a.k.a. "Naca,"**

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit an offense defined in Tittle 18, United States Code, § 1956(a)(1)(A)(1), that is, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, knowing that property involved the financial transactions represented the proceeds of some form of unlawful activity.

**B.  Manner and Means of the Conspiracy**

2.      It was a part of the conspiracy that one or more of the conspirators would request or direct one or more other members of the conspiracy to travel to locations to collect or acquire possession of narcotics proceeds from individuals to whom narcotics shipments had previously been delivered on consignment.

5

3.      It was further a part of the conspiracy that following the collection or acquisition of the narcotics proceeds, one or more of the conspirators would request or direct one or more other members of the conspiracy to transport the narcotics proceeds to other individuals for subsequent disposition and transfer.

4.      It was further a part of the conspiracy that one or more members of the conspiracy would be paid money for transporting, transferring, and disposing of the narcotics proceeds to the care of others.

[All in violation of Title 18, United States Code, § 1956(h)].

## NOTICE OF CRIMINAL FORFEITURE
### [21 U.S.C. 853 - Criminal Forfeiture]

Under Title 21, United States Code, § 853, as a result of the commission of the violations of Title 21, United States Code, §§ 841 and 846, notice is given that Defendants,

**MANUEL CAVAZOS a.k.a. "Tony,"
JOSE BUCIO, JR. a.k.a. "Pepe,"
RENE GARCES a.k.a. "Naca,"
SILVIANO GUZMAN a.k.a. "Moreno,"
BILLY STOKES,**
and
**ROBERTO MONTANO-GARCIA,**

shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violations alleged in Counts One (1), Two (2), Three (3), Four (4), Five (5), and Six (6) of this Indictment, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including, but not limited to, the following property: approximately $315,000 United States currency, including the $30,500 United States currency seized on or about April 28, 2005. If, as a result of any act(s)

6

or omission(s) of any or all of the above-listed Defendants, the property subject to forfeiture cannot

be located upon the exercise of due diligence, has been placed beyond the jurisdiction of the Court,

has been transferred, sold to, or deposited with a third party, has been substantially diminished in

value, or has been commingled with other property which cannot be divided without difficulty; it is

the intent of the United States of America to seek forfeiture of any other property of the Defendants

up to the value of such property, under Title 21, United States Code, § 853(p).

A TRUE BILL:

Foreperson of the Grand Jury

CHUCK ROSENBERG
United States Attorney

By:

Bryan K. Best
Assistant United States Attorney

7